UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 24-CR-179

RICKY Q. CHAMBERS,

    Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

Ricky Q. Chambers and seven others are charged with Conspiracy to Distribute and Possession with Intent to Distribute 400 grams or more of Fentanyl. Chambers, who has elected to exercise his constitutional right to represent himself, is also charged with two counts of distributing 40 grams or more of Fentanyl. All of the defendants, except Chambers, have entered guilty pleas or advised the court of their intent to do so. Chambers' trial is set to begin on February 2, 2026. On December 22, 2025, Chambers filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 162. For the reasons that follow, Chambers' motion is denied.

At the outset, the court notes that Chambers insists on being referred to as the "Executor Third Party Creditor to the Legal Name Ricky Q. Chambers" or some form thereof. Dkt. No. 137 at 1. The birth certificate he has submitted to the court, however, shows his birth name to be Ricky Quinten Maurice Chambers, Jr, (Dkt. No. 137-5 at 8), and there is no evidence that his name has been legally changed. The court rejects Chambers' contention that Secretary of State Marco Rubio has somehow certified his status as the registered owner of his given name. The documentation he has submitted in support of his contention is not credible. To avoid confusion, the defendant should therefore be referred to by his legal name.

Turning to his motion to dismiss, Chambers seems to argue that he is not subject to the jurisdiction of the court because he does not consent to the court's jurisdiction. He contends that "statute law is 'contractual law' [that] applies between two contracting corporations." Dkt. No. 162 at 2. He further argues that "if there is no agreed upon contract the court has no jurisdiction over any living breathing man." *Id.* To continue the proceedings without his consent, Chambers argues, violates his constitutional rights and his honor. *Id.* At the hearing on his motion, Chambers further argued that the court lacked jurisdiction because there was no party with standing to bring the case in that no party suffered an injury in fact, an essential requirement for standing under Article III of the United States Constitution.

Chambers' arguments are patently frivolous. The district courts of the United States have "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Chambers is charged with violations of the federal Controlled Substances Act; the court therefore has jurisdiction. *See United States v. Turcotte*, 405 F.3d 515, 521 (7th Cir. 2005) ("Since Turcotte was charged with a violation of the federal Controlled Substances Act (21 U.S.C. §§ 841(a)(1) and 846), the district court had jurisdiction pursuant to 18 U.S.C. § 3231, which provides for district court jurisdiction over 'all offenses against the laws of the United States.'").

Furthermore, the court's jurisdiction over a defendant accused of a federal crime is not dependent upon his consent. "[A] district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law." *See, e.g.*, *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003); *see also United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) (explaining that defendant's presence in the territory of the United States supplies personal jurisdiction). The idea that a person accused of criminal conduct must consent to the court's jurisdiction in order to

face criminal prosecution is absurd. Finally, the public is harmed by violations of the criminal law, thereby giving the United States, as representative of the public, standing to prosecute criminal conduct. For all of these reasons, Chambers' motion to dismiss (Dkt. No. 162) is **DENIED.**

    **SO ORDERED** at Green Bay, Wisconsin this 20th day of January, 2026.

                                                   _s/ William C. Griesbach_
                                                   William C. Griesbach
                                                   United States District Judge